FEDERAL LAND BANK OF NEW ORLEANS *v.* STRIBLING *et ux.*

(Division B. Dec. 7, 1936.)

[171 So. 10. No. 32416.]

**Herbert M. Fant, J. M. Thomas** and **T. H. Hedgepeth,** all of New Orleans, for appellant.

**F. Richard Horne** and **R. T. Crocker,** both of Jackson, for appellees.

Argued orally by **Herbert M. Fant,** for appellant, and by **F. Richard Horne** and **R. T. Crocker,** for appellees.

**Ethridge, P. J.,** delivered the opinion of the court.

Appellees, A. W. Stribling and his wife, filed a bill in the chancery court of Hinds county, seeking to enjoin the Federal Land Bank of New Orleans, and R. P. Phillips, its trustee, from foreclosing a deed of trust securing a note for five thousand dollars, payable in thirty-five annual installments, given to the bank in 1922. There were provisions in the deed of trust for the acceleration of payments, should default be made in keeping up same, and also a like provision in regard to waste. The payments were alleged to have been kept up through 1929, but thereafter, except for some small payments, appellees were unable to keep up the installments due. The bill alleged that the existing conditions were such that the appellees were entitled to the benefit of the Moratorium Law, and that they were unable to refinance the loan through any of the federal agencies, and if their property was permitted to be sold under the deed of trust, at this time, it would not bring a fair price. The bill also alleged that the appellees were living upon this property using it as a home, for the purpose of earning support for themselves and their children, and that they had given a deed of trust on crops and cattle for the years 1934-35, and were willing to give such for the year 1936, but the bank had refused to accept such offer and extend the time, and the bill prayed for an injunction under chapter 247, Laws of 1934, and amendments.

The Federal Land Bank answered, admitting the execution of the deed of trust and payments made up to

1929, but alleged that thereafter, although small payments were made, the debt was in default, as were also the taxes, and that the security was depreciating through waste. It also set up that the appellees were not entitled to enjoin the foreclosure proceedings under the provisions of the laws of Mississippi referred to in the bill, and alleged that, by virtue of section 12 of House Bill No. 270, chapter 247, Laws of 1934, it was provided that this act should not apply to mortgages made prior to 1933 which shall hereafter be renewed or extended for a period ending more than one year after its passage, and that this act became effective April 4, 1934, and on January 31, 1935, the deed of trust here involved was extended to November 1, 1935; said extension being evidenced by an agreement contained in a certain chattel deed of trust, a copy of which was filed as an exhibit to the answer. It was further alleged in the answer that chapter 247, Laws of 1934, has no application to the deed of trust here involved; that the injunction was wrongfully sued out and should be dissolved, and filed a motion to dissolve the injunction, which motion was overruled, and an appeal granted to this court.

There is no question as to the fact that the deed of trust was extended until November 1, 1935, and that the period ended more than one year after April 4, 1934.

Chapter 287 of the Laws of 1936 extended the Moratorium Law, it having expired in 1936, and, by section 12 thereof, it is provided that as to mortgage foreclosures, this act shall apply only to mortgages made prior to March 4, 1933, but shall not apply to mortgages made prior to March 4, 1933, which have since been renewed or extended for (a) a period ending more than one year after April 4, 1934, or (b) which have been or shall be extended by agreement so as to be payable in monthly installments extending over a period of more than three years, and provides that during the time embraced in any of the periods of postponement hereunder, the sev-

eral statutes of limitation are suspended in so far as any right or obligation may be affected by the provisions of this act.

It is contended that the chancellor refused to dissolve the injunction because the provisions of the deed of trust were not extended. It appears from the deed of trust that no payments, other than those extended to November 1, 1935, were due or enforceable prior thereto, and it is manifest that the bank could not take any steps after the extension which would mature payments within the period up to November 1, 1935.

The waste is alleged to have been committed after November 1, 1935, and it in nowise affects the extension, or the rights of the mortgagee to continue in possession up to November 1, 1935. The extension is clearly for the period ending more than one year after April 4, 1934.

We are of the opinion, therefore, that the Moratorium Law was not applicable to the deed of trust here involved, and that the injunction was erroneous and should not have been granted. We will pass upon no other question, and the judgment of the court below will be reversed and the cause dismissed.

Reversed and dismissed.